# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS HERNANDEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>P. L. VASQUEZ, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:10-cv-00817-SMS PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION, WITH PREJUDICE, AND DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 8) |

Plaintiff Juan Carlos Hernandez, a state prisoner proceeding pro se, filed this action on May 11, 2010. Plaintiff utilized a form complaint for civil rights actions filed pursuant to 42 U.S.C. § 1983, but sought to stay or terminate any future deportation proceeding so that he may seek political asylum. Plaintiff alleged that he was a legal alien, and had received notice that an immigration hold had been placed on him. On June 21, 2010, the Court dismissed the action for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. On July 8, 2010, Plaintiff filed a response, which the Court construes as a motion for reconsideration. Fed. R. Civ. P. 60(b); Local Rule 230(j).

Regardless of Plaintiff's concerns relating to his deportation to Mexico, deportation proceedings are administrative in nature. The Eighth Amendment does not provide a basis for suit on the facts asserted by Plaintiff. See e.g., Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Further, while habeas corpus relief may be available to Plaintiff in the future, because Plaintiff is not currently in the custody of Immigration and Customs Enforcement (ICE), he may not yet seek relief via a petition for habeas corpus. Campos v. INS, 62 F.3d 311, 314 (9th Cir. 1995).

1 | Plaintiff's motion for reconsideration is DENIED, with prejudice, Fed. R. Civ. P. 60(b);
2 | Local Rule 230(j), and Plaintiff's motion for the appointment of counsel in this case is DENIED,
3 | Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997).

7 | IT IS SO ORDERED.

**Dated:   July 13, 2010**            /s/ Sandra M. Snyder
                                  UNITED STATES MAGISTRATE JUDGE